(60 Misc. Rep. 534.)

## In re KRUMBHOLZ.

(Supreme Court, Special Term, Washington County. October, 1908.)

1. INTOXICATING LIQUORS (§ 36*)—LOCAL OPTION—FILING STATEMENT OF RESULT OF ELECTION WITH COUNTY TREASURER.

Liquor Tax Law (Laws 1896, p. 62, c. 112) § 19, providing that if the application for a certificate is correct in form, and the bond proper in every way, and the required amount for the tax is tendered, the certificate must be issued by the county treasurer, unless it shall appear by a certified copy of the statement of the result of an election held on the local option question pursuant to section 16 that such certificate cannot be lawfully granted, in which event the application shall be refused,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

does not require that the certified copy of the statement of the result of the election shall be filed with the county treasurer.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 36.*]

2. INTOXICATING LIQUORS (§ 36*)—LOCAL OPTION—FILING STATEMENT OF RESULT OF ELECTION WITH COUNTY TREASURER.

An application for a liquor tax certificate was properly denied, where the local option questions had been submitted to the electors as prescribed by Liquor Tax Law (Laws 1896, p. 57, c. 112) § 16, and each question carried in the negative, and a certified copy of the statement of the result of the election had been filed with the State Commissioner of Excise, notwithstanding a certified copy of the statement had not been filed with the county treasurer.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 36.*]

Application for certiorari to review the action of the County Treasurer of Warren county in refusing to issue a liquor tax certificate to T. Edmund Krumbholz. Application denied.

Robert Imrie, for relator.
Porter Lee Merriman, for respondents.

VAN KIRK, J. In this proceeding the applicant seeks to have reviewed the action of the county treasurer of Warren county in refusing to issue a liquor tax certificate to T. Edmund Krumbholz, the relator. It appears by the petition and the return thereto that the relator is the proprietor of the hotel known as the Sagamore Hotel in the town of Bolton, Warren county, N. Y., and that during the year commencing May 1, 1906, and the year commencing May 1, 1907, the relator was the possessor of a liquor tax certificate permitting the sale of liquors in said Sagamore Hotel, but after May 1, 1908, he has not been the possessor of such certificate. On or about August 21, 1908, he prepared an application in proper form for the issuing of a liquor tax certificate. He also presented a bond in compliance with the liquor tax law and paid or tendered to the treasurer of Warren county the sum of money required for the tax. It is conceded that the application, the bond, and the money for the liquor tax were all presented to the county treasurer, and that the application and bond were in proper form. The county treasurer refused to issue the liquor tax certificate applied for on the ground that, at the election held in the town of Bolton on the 5th day of November, 1907, the local option questions were duly submitted to the electors of said town, in the manner prescribed by section 16 of the Liquor Tax Law (Laws 1896, p. 57, c. 112), and each of such questions so submitted was carried in the negative, and that, by reason of such vote on the local option question, traffic in liquors became and is illegal from and after the 1st day of May, 1908. A certified copy of the statement of the result of the said election in the town of Bolton, held on the question of local option, was filed in the office of the State Commissioner of Excise of the state of New York, but it was not filed in the office of the county treasurer, and the court is asked to order the county treasurer to issue the liquor tax certificate applied for, on the ground that the county treasurer was not justified in refusing the certificate, when

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the result of the said election in the town of Bolton did not appear by a certified copy of the statement required by the liquor tax law filed with him.

The liquor tax law (section 19) provides that, when the application for a certificate is correct in form, and the liquor tax bond is found to be proper in every way, and the required amount of money for the tax is tendered, the certificate must be issued by the county treasurer, unless it shall appear by a certified copy of the statement of the result of an election, held on the local option question pursuant to section 16 of this act in and for the town where the applicant proposes to traffic in liquors under the certificate applied for, that such liquor tax certificate cannot be lawfully granted; in which case the application shall be refused. This does not require that the certified copy of the statement of the result of the election shall be filed with the county treasurer. It simply requires that it shall appear by a certified copy of the statement. A certified copy of the statement is filed with the Commissioner of Excise, and that certified copy is a public document, open to examination by any one. There is no question as to the result of the election in the town. The voters of the town of Bolton have voted against the issuing of liquor tax certificates in that town upon each one of the questions submitted. The will of the voters should not be defeated by the neglect of the town clerk to file a certified copy of the statement which the statute requires with the county treasurer. In this case it does appear, by a certified copy of the statement of the result of the election, held on the question of local option in and for the town of Bolton, that such liquor tax certificate cannot be lawfully granted.

The order asked for, requiring the county treasurer to issue the liquor tax certificate, is refused.

Application denied.